UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY K. BUTTS,

    Plaintiff,

v.

                                Case No. 07-12351

PATRICIA L. CHAMBERS,            Honorable Patrick J. Duggan

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT
## WITHOUT PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 26, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On June 1, 2007, Stanley K. Butts ("Plaintiff"), proceeding *pro se*, filed a "Complaint for Custody, Money Damages, and to Dismiss Defendants State Case for Custody" ("Complaint") against Patricia L. Chambers ("Defendant"), the mother of his minor daughter. Upon review of the Complaint, the Court will *sua sponte* dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In his Complaint, Plaintiff alleges violations of "the Constitution of the United States," "the Sixth Amendment," and his "the Constitutional right to confront his accuser

and cross-examine the accuser."¹ (Compl. at pp. 2, 4.) These allegations, however, refer to actions taken by the State Court. Plaintiff names only one defendant in his Complaint, the mother of his minor daughter. (Compl. at 1.) Only in the section of his Complaint entitled "Money Damages" does Plaintiff allege misconduct by Defendant, specifically that she is "directly responsible . . . ." (*Id.* at 4.) In the closing paragraphs of his Complaint, Plaintiff seeks custody of his daughter and money damages against Defendant "in excess of $50,000 half of which is only back child support." (*Id.* at 6.) Furthermore, Plaintiff alleges that he "is filing this complaint with the United States because the State Court has failed to follow the laws of the state and has failed to protect its citizen [Plaintiff's minor daughter] from disruptive and unwarranted custody changes." (*Id.* at 4.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)(citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37, 112 S. Ct. 1076, 1080 (1992) and *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986)). Even if the issue is not raised by a party, a federal court "has an independent obligation to determine whether [it] has subject

---

¹On the Civil Cover Sheet completed when he filed his Complaint, Plaintiff checked the "Federal Question" box in describing the "Basis of Jurisdiction," checked the "Other Civil Rights" box in describing the "Nature of Suit," and listed the "6th Amendment to the Constitution of the United States" as the "U.S. Civil statute under which [he is] filing." Plaintiff also indicated that both he and Defendant are "Citizen[s] of This State." For this reason, it would be improper for this Court to exercise diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

matter jurisdiction." *Todd v. Weltman, Weinberg, & Reis Co., LPA*, 434 F.3d 432, 435 (6th Cir. 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Granholm*, 475 F.3d 805, 811 (6th Cir. 2007). Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Levine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1379 (1974)).[2] Where no portion of the filing fee has been paid and dismissal is warranted, a district court can dismiss the action without giving the plaintiff the opportunity to amend the complaint. *See Apple*, 183 F.3d at 479; *see also* 28 U.S.C. § 1915(e)(2)(permitting a court to dismiss a complaint brought by litigant proceeding *in forma pauperis* if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted").

This Court, after careful review, concludes that it has no subject matter jurisdiction over Plaintiff's Complaint. While Plaintiff alleges violations of his federal constitutional rights, those allegations appear to be directed at a party not named in his Complaint. To the extent Plaintiff is suing Defendant for these alleged violations, such a claim is frivolous because the Sixth Amendment of the United States Constitution applies to the government, not a private party, like Defendant, and does not apply in civil cases. *See*

---

[2] A claim "is frivolous if it lacks an arguable basis in law or fact." *Dellis v. Correction Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

U.S. CONST. amend. VI. Finally, Plaintiff also alleges that he "is filing this complaint with the United States because the State Court has failed to follow the laws of the state and has failed to protect its citizen[, Plaintiff's minor child,] from disruptive and unwarranted custody changes."[3] (*Id.* at pg. 4.) In general, federal courts do not have subject matter jurisdiction over domestic relations matters. *Ankenbrantdt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215 (1992).[4] Moreover, federal district courts lack jurisdiction to review "final judgments of a state court in judicial proceedings," because only the United States Supreme Court has jurisdiction to review final state court judgments on appeal. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).

Accordingly,

**IT IS ORDERED,** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Custody and to Dismiss

---

[3] To the extent that Plaintiff believes the state trial court's rulings/decisions were incorrect, Plaintiff's remedy is to seek appellate review in the state court – not to seek review of the state court's decision in federal court.

[4] While federal courts have subject matter jurisdiction over "suits that are actually tort or contract claims having only domestic relations overtones," *Drewes v. Ilnicki*, 863 F.2d 469, 471, (6th Cir. 1988), "federal courts do not have jurisdiction over a claim where the tort damages action is a mere pretense and the suit is actually concerned with custody issues." *Id.* This Court believes that it is apparent from Plaintiff's allegations that his claim for money damages is a mere pretense and Plaintiff is actually seeking custody of his minor daughter. (*See* Compl. at 6 ("requesting custody be returned to" Plaintiff).)

Defendant's State Case is **DENIED AS MOOT.**

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Stanley K. Butts
394 Eastlawn
Detroit, MI 48215